## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DAVID M. KONITS, and SCOTT SHIER,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **Civil Action No.** |
| **v.** | ) ) | |
| **MISSISSIPPI GREEN OIL, LLC, THOMAS J. MOORE, III, and CHARLES T. HILL,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## <u>VERIFIED COMPLAINT</u>

David M. Konits and Scott Shier (together, "Plaintiffs") hereby file this verified complaint against Mississippi Green Oil, LLC ("MS Green"), Thomas J. Moore, III, and Charles T. Hill (together, "Defendants"), as follows.

## <u>NATURE OF THE ACTION</u>

1.     This is an action for violations of Securities and Exchange Commission regulations, torts and damages related to Plaintiffs' purchase of unregistered securities from Defendants and thirty (30) day loan of $200,000.00 to Defendants which has not been repaid.

## PARTIES

2.     David M. Konits is an individual resident of the State of Georgia, specifically in DeKalb County, Georgia.  Mr. Konits is subject to the jurisdiction of this Court and may be served by serving the undersigned.

3.     Scott Shier is an individual resident of the State of Georgia, specifically in Fulton County, Georgia.  Mr. Shier is subject to the jurisdiction of this Court and may be served by serving the undersigned.

4.     Mississippi Green Oil, LLC is a limited liability company, organized under the laws of the State of Mississippi, with its principal office located at 178 Main Street, Suite 301, Biloxi, Harrison County, Mississippi 39530.  Thomas J. Moore, III is believed to be the sole member of MS Green.  MS Green may be served by serving its registered agent, Heather Holmes, at 52 Industrial Road, Prentiss, Prentiss County, Mississippi 39474.

5.     Thomas J. Moore, III is an individual resident of the State of Mississippi, and may be served at his place of business located at 178 Main Street, Suite 301, Biloxi, Harrison County, Mississippi 39530, or at his place of residence, at 10054 Fountain Avenue, D'Iberville, Harrison County, Mississippi 39540.

6.     Charles T. Hill is an individual resident of the State of Florida, and may be served at his place of residence at 5825 Collins Avenue, Unit 14-B, Miami, Miami-Dade County, Florida 33140.

## JURISDICTION AND VENUE

7.      Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different States from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.      Jurisdiction in this action is also proper in this Court pursuant to 17 C.F.R. 240.10b-5 through 15 U.S.C. § 78j, as this action involves a violation of the Federal Securities and Exchange Act (the, "Act").

9.      Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

10.     MS Green was founded on December 30, 2020 to produce and sell medical grade marijuana for sale in, and potentially around, Mississippi.

11.     Mr. Moore is believed to be the organizer and founding member of MS Green.

12.     Mr. Hill is a colleague of Mr. Moore, and may be a member of MS Green.

13.    Neither Mr. Moore, nor Mr. Hill holds any licensing under the Securities and Exchange Commission ("SEC"), including, but not limited to Series 7.

14.    Mr. Konits does not have a net worth in excess of $1,000,000.00.

15.    Mr. Konits does not meet the definition of an "Accredited Investor" in any form or manner pursuant to 17 C.F.R. § 230.501(a).

16.    Mr. Shier does not have a net worth in excess of $1,000,000.00.

17.    Mr. Shier does not meet the definition of an "Accredited Investor" in any form or manner pursuant to 17 C.F.R. § 230.501(a).

18.    On January 31, 2023, Defendants approached Mssrs. Shier and Konits seeking an investment in MS Green in the amount of $500,000.00 each, for a total of $1,000,000.00.

19.    On January 31, 2023, Mr. Hill text messaged Mssrs. Shier and Konits to make the offer and to state that plants would "go in the ground April 1," 2023, and that Mssrs. Shier and Konits would get their money "back out end of second quarter beginning of third quarter" 2023.

20.    Also on January 31, 2023, Mr. Hill emailed Mr. Shier a document titled "MGO Valuation July 13 2022" which claimed that MS Green was already valued between $1,410,000.00 and $49,350,000.00 to induce Mssrs. Shier and Konits into investing in MS Green.

21.     Similarly, that same day, Mr. Hill emailed Mr. Shier a document titled "009CE6E9-081D-4F30-8368-D" which included forecasted financials for 2023, and anticipated pretax net income in the amount of $76,984,118.00 in an effort to induce Mssrs. Shier and Konits into investing.

22.     Mssrs. Shier and Konits declined.

23.     In February of 2023, MS Green had been sued by a third party for allegations strikingly similar to this suit in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023) for roughly $300,409.82.

24.     Neither Mr. Shier, nor Mr. Konits were aware of the other suit at any time until very recently.

25.     While Defendants were approaching Mssrs. Shier and Konits for an investment in February of 2023, Defendants did not yet possess a medical marijuana license.

26.     In April of 2023, Defendants stated to Mssrs. Shier and Konits that the marijuana "plants were in the ground" as of April 1, 2023.

27.     Defendants did not receive a medical marijuana license until June 15, 2023, two and a half months *after* promising Mssrs. Shier and Konits that the plants were in the ground.

28.    Defendants either lied about the timing of the planting of the marijuana to induce Mssrs. Shier and Konits to invest in MS Green, or illegally planted the marijuana without a license.

29.    On August 8, 2023, a default judgment was entered in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023) awarding plaintiffs roughly $300,409.82.

30.    Immediately thereafter, Defendants began to pursue Mssrs. Shier and Konits to invest.

31.    Defendants did not disclose the suit or the default judgment to Mssrs. Shier and Konits.

32.    This time, Defendants only sought an investment in the amount of $300,000.00, which mirrored the amount of the default judgment and was presumably designed to pay the default judgment.

33.    This deal would involve a $100,000.00 investment from each of Mssrs. Shier and Konits, and from Mr. Hill's son Peyton Hill who did not end up investing.

34.    Shortly thereafter, Peyton Hill dropped out of the investment opportunity.

35.     On November 1, Defendants presented Mssrs. Shier and Konits with a proposed operating agreement of which Section 6.4 stated that there was no pending litigation.

36.     On November 1, 2023, Mr. Hill texted Mssrs. Shier and Konits to state that a $300,000.00 buy-in (from Mssrs. Shier and Konits, and Payton Hill, at $100,000.00 each) would grant them a one-percent (1.00%) share in MS Green.

37.     Within that same text, Mr. Hill promised Mssrs. Shier and Konits via text message that they would each "receive full return on the first payout on [or] before Dec 15th," 2023.

38.     On November 2, 2023, Mr. Hill texted Mssrs. Shier and Konits that Mr. Moore did "not need a formal PPM" and that "payout [was] less than 30 days [away]."

39.     On November 7, 2023, Mssrs. Hill and Moore hosted Mr. Shier at MS Green's facilities to induce Mssrs. Shier and Konits into investing.

40.     Mr. Shier took copious notes.

41.     Mr. Shier noted that Mr. Moore told him that MS Green was currently growing 7000 plants and harvesting every two weeks.

42.     Moreover, Mr. Moore told Mr. Shier that product was already being sold.

43.    Later that day, Mr. Moore pulled Mr. Shier aside and told him that they had tremendous growth potential and were debt free.

44.    On November 8, 2023, Mr. Hill promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

45.    On November 8, 2023, Mr. Moore promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

46.    On November 8, 2023, Mr. Moore sent Mr. Shier several photographs of marijuana plants that appeared to be growing well and the interior of the facility where said plants were apparently growing, via text message, to induce Mssrs. Shier and Konits to invest.

47.    On November 9, 2023, Mr. Hill again promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

48.    Defendants never presented any private placement memorandum or any other disclosures required under the Act.

49.    On November 9, 2023, after the repeated promises, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

50.    The Parties had agreed that the $200,000.00 would be returned no later than December 15, 2023, since the original proposal had been for the investment to be made on November 15, 2023.

51.    Following the payment of the $200,000.00, Defendants did not issue the promised membership shares to Mssrs. Shier and/or Konits.

52.    On December 14, 2023, Mr. Moore sent Mr. Shier another photograph of marijuana plants which were growing well.

53.    No funds were repaid on December 15, 2023.

54.    After the missed payment date, Mssrs. Shier and Konits began a series of demands for repayment.

55.    On January 3, 2024, Mr. Hill texted Mssrs. Shier and Konits that his son Payton Hill would be meeting with Wells Fargo on January 4, 2024 to "transfer" Mssrs. Shier's and Konits's money to their "respective accounts."

56.    Later that day, Mr. Konits asked Mr. Hill whether the money was wired.

57.    Mr. Hill replied "No.  Tom (Mr. Moore) said this afternoon."

58.    On January 12, 2024, Mr. Moore called Mr. Shier and stated that a wire would come to pay back the investment on January 17, 2024, and that thereafter their distributions would continue quarterly.

59.    On January 12, 2024, Mr. Shier texted Mr. Moore to confirm that Mr. Moore had stated that "a wire [would] follow on Wednesday [January 17, 2024] and moving forward after that [they would] be on quarterly distributions March, June, September and December."

60.    Mr. Moore refused to respond to the text.

61.    On January 15, 2024, Mr. Hill texted Mr. Konits that Mssrs. Shier and Konits would have their "funds Wednesday" January 17, 2024.

62.    On January 16, 2024, Mr. Hill told Mr. Shier that Mr. Shier could pick up Mr. Hill's son Payton Hill to visit a bank where Payton Hill would pay Mssrs. Shier and Konits.

63.    Mr. Hill texted Mr. Shier his son's address to further this.

64.    Payton Hill was not made available for this.

65.    On January 24, 2024, after several concerns were expressed and demands were made, Mr. Moore sent Mr. Shier a photograph of a headline in The Prentiss Headlight newspaper which indicated that MS Green would soon distribute medical marijuana.

66.    One of the photographs included was of a large number of well-grown marijuana plants.

67.    These photographs were sent to stall attempts at collection.

68.    Similarly, on January 24, 2024, Mr. Hill texted Mr. Shier to express that he understood "the missed timelines" but that payment was "not due until the week after the first quarter ends."

69.    On January 29, 2024, Mr. Hill told Mr. Shier orally that Mr. Moore had Mr. Shier's money.

70.    On January 30, 2024, Mr. Hill texted that Mssrs. Shier and Konits would have cashier's checks by "Thursday at the earliest."

71.    On March 29, 2024, Mr. Hill told Mr. Shier, orally that payment would be coming the following week.

72.    That same day, Mr. Shier reached out to Mr. Moore to confirm this, and Mr. Moore stated that Mr. Hill was "correct."

73.    On April 4, 2024, Mr. Moore texted Mr. Konits to state that they "had a detailed discussion about first payout coming out first week of April," and that despite his prior written promises, he had "not and did not say or expect any wires to be transferred before then."

74.    On April 8, 2024, Mr. Shier reached out to Mr. Moore regarding the payment, and received no response.

75. Defendants repeatedly made promises to return the entire $200,000.00 and assured Mssrs. Shier and Konits that plants had been harvested and sold.

76. Every subsequent promised payment date came and went without any payment.

77. Mssrs. Shier and Konits now sue for damages.

**COUNT I**
**Unjust Enrichment**

78. Mssrs. Shier and Konits restate paragraphs 1-77 and incorporate said paragraphs herein by reference.

79. On November 9, 2023, after the repeated promises, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

80. These funds were sent to Defendants based on the promise of a return of the full amount of $200,000.00 no later than December 15, 2023, and a 2/3rd of one-percent (0.0067%) interest in MS Green.

81. To date, no portion of the $200,000.00 has been repaid.

82. To date, no shares of MS Green have been issued.

83. To date, no distribution have been made by MS Green to Mssrs. Shier and/or Konits.

84. Defendants received $200,000.00 from Mssrs. Shier and Konits but have not provided anything of value in return.

85.    Defendants are liable to Mssrs. Shier and Konits for unjust enrichment in the amount of at least $200,000.00.

## COUNT II
**Breach of Contract**

86.    Mssrs. Shier and Konits restate paragraphs 1-85 and incorporate said paragraphs herein by reference.

87.    On November 8, 2023, the Parties agreed that if Mssrs. Shier and Konits invested $200,000.00 with Defendants, Defendants would return of the full amount of $200,000.00 no later than December 15, 2023, and issue a 2/3rd of one-percent (0.0067%) interest in MS Green to Mssrs. Shier and Konits.

88.    On November 9, 2023, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

89.    To date, no portion of the $200,000.00 has been repaid.

90.    To date, no shares of MS Green have been issued.

91.    To date, no distribution have been made by MS Green to Mssrs. Shier and/or Konits.

92.    Mssrs. Shier and Konits have complied with their end of the agreement.

93.    Mssrs. Shier and Konits have not breached the agreement in any way.

94.    Defendants have failed to perform on every element of the agreement.

95.     Defendants are liable to Mssrs. Shier and Konits for breach of contract in the amount of at least $200,000.00 plus the value of the 2/3rds of one-percent (0.0067%) share of MS Green.

### COUNT III
### Violation of SEC Regulations
### 17 C.F.R. 240.10b-5 Through 15 U.S.C. § 78j

96.     Mssrs. Shier and Konits restate paragraphs 1-95 and incorporate said paragraphs herein by reference.

97.     On January 31, 2023, Mr. Hill text messaged Mssrs. Shier and Konits to make the offer and to state that plants would "go in the ground April 1," 2023, and that Mssrs. Shier and Konits would get their money "back out end of second quarter beginning of third quarter" 2023.

98.     Also on January 31, 2023, Mr. Hill emailed Mr. Shier a document titled "MGO Valuation July 13 2022" which claimed that MS Green was already valued between $1,410,000.00 and $49,350,000.00 to induce Mssrs. Shier and Konits into investing in MS Green.

99.     Similarly, that same day, Mr. Hill emailed Mr. Shier a document titled "009CE6E9-081D-4F30-8368-D" which included forecasted financials for 2023, and anticipated pretax net income in the amount of $76,984,118.00 in an effort to induce Mssrs. Shier and Konits into investing.

100.    On November 7, 2023, Mr. Moore pulled Mr. Shier aside and told him that they had tremendous growth potential and were debt free.

101.    This was despite the August 8, 2023 default judgment issued in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023).

102.    On November 8, 2023, Mr. Moore promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

103.    Defendants knew these representations to be false, and further knew that a default judgment was already in place against them.

104.    Neither Mr. Shier, nor Mr. Konits is an Accredited Investor, and neither has a net worth of more than $1,000,000.00.

105.    Defendants did not issue a private placement memorandum for the sale of security interest in MS Green.

106.    No exception under 17 C.F.R. § 230.500 *et seq.* applies.

107.    Based on repeated promises surrounding the viability of MS Green and the likelihood of repayment of their initial investment, Mssrs. Shier and Konits decided to invest.

108.   On November 8, 2023, the Parties agreed that if Mssrs. Shier and Konits invested $200,000.00 with Defendants, Defendants would return of the full amount of $200,000.00 no later than December 15, 2023, and issue a 2/3rd of one-percent (0.0067%) interest in MS Green to Mssrs. Shier and Konits.

109.   On November 9, 2023, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

110.   Thereafter, Defendants have met no obligations under the terms of the agreement between the Parties.

111.   To date, no portion of the $200,000.00 has been repaid.

112.   To date, no shares of MS Green have been issued.

113.   To date, no distribution have been made by MS Green to Mssrs. Shier and/or Konits.

114.   Mssrs. Shier and Konits have lost at least $200,000.00 as a result of Defendants knowing misrepresentations.

115.   Defendants are liable to Mssrs. Shier and Konits for violation of SEC Regulations pursuant to 17 C.F.R. 240.10b-5 by way of 15 U.S.C. § 78j in an amount to be determined at trial.

## COUNT IV
### Fraudulent Misrepresentation

116.   Mssrs. Shier and Konits restate paragraphs 1-115 and incorporate said paragraphs herein by reference.

16

117.    On January 31, 2023, Mr. Hill text messaged Mssrs. Shier and Konits to make the offer and to state that plants would "go in the ground April 1," 2023, and that Mssrs. Shier and Konits would get their money "back out end of second quarter beginning of third quarter" 2023.

118.    Also on January 31, 2023, Mr. Hill emailed Mr. Shier a document titled "MGO Valuation July 13 2022" which claimed that MS Green was already valued between $1,410,000.00 and $49,350,000.00 to induce Mssrs. Shier and Konits into investing in MS Green.

119.    Similarly, that same day, Mr. Hill emailed Mr. Shier a document titled "009CE6E9-081D-4F30-8368-D" which included forecasted financials for 2023, and anticipated pretax net income in the amount of $76,984,118.00 in an effort to induce Mssrs. Shier and Konits into investing.

120.    On November 7, 2023, Mr. Moore pulled Mr. Shier aside and told him that they had tremendous growth potential and were debt free.

121.    This was despite the August 8, 2023 default judgment issued in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023).

122.    On November 8, 2023, Mr. Moore promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be

paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

123.    Defendants knew these representations to be false, and further knew that a default judgment was already in place against them.

124.    Based on repeated promises surrounding the viability of MS Green and the likelihood of repayment of their initial investment, Mssrs. Shier and Konits decided to invest.

125.    On November 8, 2023, the Parties agreed that if Mssrs. Shier and Konits invested $200,000.00 with Defendants, Defendants would return of the full amount of $200,000.00 no later than December 15, 2023, and issue a 2/3rd interest in MS Green to Mssrs. Shier and Konits.

126.    On November 9, 2023, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

127.    Thereafter, Defendants have met no obligations under the terms of the agreement between the Parties.

128.    To date, no portion of the $200,000.00 has been repaid.

129.    To date, no shares of MS Green have been issued.

130.    To date, no distribution have been made by MS Green to Mssrs. Shier and/or Konits.

131.   Mssrs. Shier and Konits have lost at least $200,000.00 as a result of Defendants knowing misrepresentations.

132.   Defendants are liable to Mssrs. Shier and Konits for fraud in an amount to be determined at trial.

## COUNT V
## Conspiracy to Commit Fraud

133.   Mssrs. Shier and Konits restate paragraphs 1-132 and incorporate said paragraphs herein by reference.

134.   On January 31, 2023, Mr. Hill text messaged Mssrs. Shier and Konits to make the offer and to state that plants would "go in the ground April 1," 2023, and that Mssrs. Shier and Konits would get their money "back out end of second quarter beginning of third quarter" 2023.

135.   Also on January 31, 2023, Mr. Hill emailed Mr. Shier a document titled "MGO Valuation July 13 2022" which claimed that MS Green was already valued between $1,410,000.00 and $49,350,000.00 to induce Mssrs. Shier and Konits into investing in MS Green.

136.   Similarly, that same day, Mr. Hill emailed Mr. Shier a document titled "009CE6E9-081D-4F30-8368-D" which included forecasted financials for 2023, and anticipated pretax net income in the amount of $76,984,118.00 in an effort to induce Mssrs. Shier and Konits into investing.

137.   On November 7, 2023, Mr. Moore pulled Mr. Shier aside and told him that they had tremendous growth potential and were debt free.

138.   This was despite the August 8, 2023 default judgment issued in *Boihem v. Moore Companies, LLC*, No. 2:23-cv-00326-JTM-KWR before the Eastern District of Louisiana (2023).

139.   On November 8, 2023, Mr. Moore promised Mssrs. Shier and Konits that if Mssrs. Shier and Konits invested $200,000.00 in MS Green, they would be paid back within thirty (30) days and would each receive an interest of one-third of one percent (~00.33%) in MS Green.

140.   Defendants knew these representations to be false, and further knew that a default judgment was already in place against them.

141.   Based on repeated promises surrounding the viability of MS Green and the likelihood of repayment of their initial investment, Mssrs. Shier and Konits decided to invest.

142.   On November 8, 2023, the Parties agreed that if Mssrs. Shier and Konits invested $200,000.00 with Defendants, Defendants would return of the full amount of $200,000.00 no later than December 15, 2023, and issue a 2/3rd of one-percent (0.0067%) interest in MS Green to Mssrs. Shier and Konits.

143.   On November 9, 2023, Mssrs. Shier and Konits wired $200,000.00 from Mr. Shier's accounts to Defendants.

144.   Thereafter, Defendants have met no obligations under the terms of the agreement between the Parties.

145.   To date, no portion of the $200,000.00 has been repaid.

146.   To date, no shares of MS Green have been issued.

147.   To date, no distribution have been made by MS Green to Mssrs. Shier and/or Konits.

148.   Mssrs. Shier and Konits have lost at least $200,000.00 as a result of Defendants knowing misrepresentations.

149.   None of the Defendants acted alone in their conspiracy to defraud Mssrs. Shier and Konits.

150.   Mr. Moore made the above false representations and promises in his capacity as the owner and principal of MS Green, and in his individual capacity.

151.   Mr. Hill made the above false representations in his individual capacity and as least an agent of MS Green, but potentially as an owner of MS Green.

152.   Defendants are liable to Mssrs. Shier and Konits for conspiracy to commit fraud in an amount to be determined at trial.

## COUNT VI
### Attorneys' Fees

153.   Mssrs. Shier and Konits restate paragraphs 1-152 and incorporate said paragraphs herein by reference.

154.   Mssrs. Shier and Konits attempted to resolve this matter amicably.

155.   Defendants have repeatedly rebuffed Plaintiffs' ovations.

156.   Mssrs. Shier and Konits made formal demands, to which Defendants not responded with any other than empty promises designed to kick the can.

157.   Defendants refused to resolve this matter reasonably.

158.   Defendants have been stubbornly litigious.

159.   Mssrs. Shier and Konits are entitled to attorneys' fees and costs for having to bring and maintain this action pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Mssrs. Shier and Konits pray for judgment as requested above against Defendants and further request:

a.   An award of damages as stated per this Complaint;

b.   Incidental and consequential damages;

c.   An award of attorneys' fees and costs in bringing and maintaining this action; and

d.   Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Mssrs. Shier and Konits  request a trial by jury on all issues so triable.

Respectfully submitted, this 17th day of May, 2024.

FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
GA Bar No. 496530
fpodesta@fgplaw.com

555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
678.677.5143 (voice)
678.222.0123 (facsimile)
*Attorneys for Mssrs. Shier and Konits*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAVID M. KONITS, and SCOTT SHIER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **MISSISSIPPI GREEN OIL, LLC, THOMAS J. MOORE, III, and CHARLES T. HILL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFICATION OF VERIFIED COMPLAINT

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, David M. Konits, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This 17 day of May, 2024.

_____
David M. Konits

24

Sworn to and subscribed before me this
__17th__ Day of May, 2024.

_____

Notary Public          (SEAL)
My commission expires: _12/14/2027_

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DAVID M. KONITS, and SCOTT SHIER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | |
| **MISSISSIPPI GREEN OIL, LLC, THOMAS J. MOORE, III, and CHARLES T. HILL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFICATION OF VERIFIED COMPLAINT

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Scott Shier, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This _17_ day of May, 2024.

_____
Scott Shier

Sworn to and subscribed before me this
17th Day of May, 2024.

_____

Notary Public              (SEAL)
My commission expires: 12/14/2027

KIANNI SPELLER
NOTARY
EXPIRES
GEORGIA
December 14, 2027
PUBLIC
DEKALB COUNTY